**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | |
|---|---|
| STEPHEN W. SCHURMAN | CIVIL ACTION NO. 03-1467 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| PANOLA-HARRISON ELECTRIC COOPERATIVE, INC. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Motion in Limine (Record Document 28) filed by Defendant Panola-Harrison Electric Cooperative, Inc. ("Panola-Harrison"). In the motion, Panola-Harrison seeks to exclude any evidence relating to its internal policies regarding line clearances, i.e., the "ten foot" rule, and any evidence relating to the United States Department of Agriculture's Rural Utility Service ("RUS") rating guidelines. See id. Plaintiff Stephen W. Schurman ("Schurman") opposes the motion in limine. See Record Document 33. Upon due consideration, the Court hereby **GRANTS IN PART** and **DENIES IN PART** the Motion in Limine (Record Document 28) filed by Defendant Panola-Harrison.

Panola-Harrison argues that its internal policy, the so-called "ten foot rule,"[1] is irrelevant according to controlling Louisiana jurisprudence. In an action for personal injuries instituted by prisoners against the State of Louisiana, a Louisiana court stated that "though prison policy mandated a very specific standard of care for releasing prisoners from their cells, this was not a legal duty imposed by law." Walden v. St. of LA, 430 So.2d

---

[1] Schurman has disputed whether the so-called "ten foot" rule is actually an internal policy of Panola-Harrison. For purposes of this Memorandum Order, the Court assumes that the "ten foot" rule is in fact an internal policy of Panola-Harrison. Notwithstanding, the ruling on this aspect of the Motion in Limine would remain the same regardless of this assumption.

1224, 1227 (La.App. 1 Cir. 1983); see also Wellman v. Evans, 2003-1720 (La.App. 3 Cir. 6/16/04), 876 So.2d 954. Further, in Hayes v. Entergy Corp., 37,190 (La.App. 2 Cir. 6/25/03), 850 So.2d 916, 922, the appellate court affirmed the trial court's refusal to include a jury instruction referencing Entergy's noncompliance with the National Electric Safety Code, stating that the omission of the instruction was proper "because it may have misled the jury to the conclusion that noncompliance with the NESC is determinative of fault." Based on this jurisprudence, Panola-Harrison argues that a company's internal policies do not equate with the legal duty applicable under Louisiana's traditional duty-risk analysis. While it is clear that internal policies and advisory national standards are not determinative of fault and/or the applicable standard of care, the Court believes that such policies and standards are probative as to the controlling standard of care in this case. The Court does believe that a limiting instruction to the jury, stating that compliance/noncompliance with an internal policy or an advisory national standard is not determinative or conclusive of fault, is necessary to protect the jury against improperly concluding that noncompliance with an internal policy or a national standard is determinative of fault and/or the applicable standard of care. Otherwise, the jury is free to use or not use these internal policies, recommendations, and codes in determining the appropriate standard of care. With respect to evidence relating to Panola-Harrison's internal policies regarding line clearances, the motion in limine is **DENIED**.

Conversely, the Court agrees with Panola-Harrison as to the relevancy of the RUS requirements and rating guidelines. Such guidelines were created by a lending institution for the purpose of assessing loan security and determining borrower compliance. The RUS guidelines applicable to maintenance practices were not necessarily implemented

with safety in mind. The jury's consideration of RUS rating guidelines in determining the applicable standard of care with respect to Panola-Harrison's line inspection would not be appropriate in this case, as the RUS requirements and rating guidelines serve a restricted, specialized use for a lending institution and are not "safety" standards that are probative and relevant to a determination of fault and/or the applicable standard of care. Thus, Panola-Harrison's motion in limine as to the RUS rating guidelines is **GRANTED**.

Accordingly,

**IT IS ORDERED** that the Motion in Limine (Record Document 28) filed by Defendant Panola-Harrison Electric Cooperative, Inc. be **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that any evidence relating to the United States Department of Agriculture's Rural Utility Service requirements and/or rating guidelines be and is hereby **EXCLUDED** from trial.

**IT IS FURTHER ORDERED** that evidence relating to Panola-Harrison Electric Cooperative, Inc.'s internal policies regarding line clearances, namely the so-called "ten foot" rule, is admissible at trial, subject to a limiting instruction to the jury that compliance or noncompliance with such rule is not determinative or conclusive of fault and/or the applicable standard of care in this case.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 6th day of June, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE